## Case No. 17,741.

### WILLIAMS v. THRELKELD.

[2 Cranch, C. C. 307.] [1]

Circuit Court, District of Columbia. April Term, 1822.

STATUTE OF FRAUDS — SUFFICIENCY OF AUCTIONEER'S MEMORANDUM.

1. An auctioneer's memorandum, or entry in his sales book, of a sale of lands, is not sufficient to take the case out of the statute of frauds, if it does not sufficiently describe the land, and the terms of sale.

2. Quære, whether an auctioneer's written memorandum of the sale of lands is in any case sufficient to take the case out of the statute?

This was an action brought to recover the purchase-money of about four and half acres of land, being lot No. 299, in Beatty & Hawkins's addition to Georgetown, amounting to $587.01. Upon a demurrer to the evidence the principal question was. whether the auctioneer's written memorandum of the sale was sufficient to take the case out of the statute of frauds.

The memorandum, a duplicate of which was delivered to the plaintiff, was as follows:

"April 12, 1819.
"4½ acre lot $144 per acre; Threlkeld,
" Lot 55 by 67; 8.12½, J. Cox, is $446 87½
" " 55 by 40: 5.62, J. Cox, is.. 309 10

$705 97½
"Sold for Mr. Williams.    J. Peabody, Auct."

Mr. Key, for plaintiff, contended that the auctioneer is the agent of both parties in the sale of lands, exactly as he is in the sale of goods. Emmerson v. Heelis, 2 Taunt. 38;

Coles v. Trecothick, 9 Ves. 234; White v. Proctor, 4 Taunt. 209; 2 Liverm. Ag. 355; Kemeys v. Proctor, 3 Ves. & B. 57.

Mr. Redin contra, cited Simon v. Motivos, 3 Burr. 1921; Stansfield v. Johnson, 1 Esp. 101; Walker v. Constable, 2 Esp. 659; s. c., 1 Bos. & P. 306; Buckmaster v. Harrop, 7 Ves. 341; Simonds v. Catlin, 2 Caines, 61; Jackson v. Catlin, 2 Johns. 248; Symonds v. Ball, 8 Term R. 151; Grant v. Naylor, 4 Cranch [8 U. S.] 234; Coles v. Trecothick, 9 Ves. 234; White v. Proctor, 4 Taunt. 209.

Mr. Redin further objected, that the auctioneer's memorandum did not contain the conditions and terms of the sale, nor a description of the land.

THE COURT, without deciding the question whether an auctioneer's memorandum of the sale is sufficient to take it out of the statute of frauds, was of opinion, that in this case it did not sufficiently in itself describe the property, nor the terms of the sale; nor refer to any other instrument that does describe them. Judgment, on the demurrer, for the defendant.